IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**OUSMANE FALL**                                                                                   **PETITIONER**


**v.**                                **No. 4:26-cv-04010 SOH-SGS**


**WAYNE EASLEY, in his capacity
as Sheriff of Miller County, Arkansas;
and TODD LYONS in his capacity as
Acting Director, Immigration and
Customs Enforcement**                                          **RESPONDENTS**


## ORDER

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. ECF No. 2.

According to the Petition, Petitioner entered the United States on or about December 1, 2023, at the U.S./Mexico border without inspection. ECF No. 2. Petitioner was later apprehended by Customs and Border Patrol ("CBP") within the United States. *Id.* He was then released; issued a Notice to Appear ("NTA") and placed in removal proceedings. *Id.* He was then charged with having entered the United States without admission or inspection. *Id.* Petitioner then filed for asylum; obtained a valid employment authorization and social security number; and began work as a CDL Truck driver. *Id.*

On or about February 14, 2026, Petitioner was detained by the Arkansas Highway Patrol at a weigh station in cooperation with Immigration and Customs Enforcement. ("ICE"). *Id.* Petitioner was arrested in Crittenden County Arkansas and then taken to the Miller County, Arkansas jail to await transfer to ICE. *Id.*

Petitioner alleges Department of Homeland Security ("DHS") has denied or will deny Petitioner release from immigration custody, under 8 U.S.C. § 1225.  He argues his detention is governed by 8 U.S.C. § 1226(a) and seeks release from custody or a bond redetermination hearing.

Respondents must show cause why the Petition should not be granted and the Court should not order Petitioner be released or provided a bond hearing under 8 U.S.C. § 1226(a).  The response to the Petition should articulate the statutory authorization for Petitioner's detention; whether he was previously released on parole and, if so, the basis for his redetention and whether he was provided a pre-deprivation hearing; and the status of Petitioner's immigration proceedings.  Any response must be supported by documentary evidence including, if applicable, affidavits by individuals with personal knowledge of the factual statements made therein and signed under penalty of perjury.

**IT IS ORDERED:**

1. Counsel for Petitioner must immediately serve the Petition (ECF No. 2) on Respondents.

2. If not already issued, the Clerk of Court must issue any properly completed summonses.

3. The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the Western District of Arkansas, to the attention of Kim Harris at Kimberly.Harris@usdoj.gov.

4. Respondents must respond to the Petition no later than March 20, 2026.

5. Petitioner may file a reply no later than March 24, 2026.

**SIGNED** this 9th **day of March 2026.**

/s/ *Spencer G. Singleton*

HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE

2